**THIS ORDER IS APPROVED.**

**Dated: August 17, 2022**

**Brenda Moody Whinery, Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JOHN STEPHEN BARNES and<br>MAGDALINE M. BARNES,<br><br>Debtors. | Chapter 7<br><br>Case No. 4:22-bk-01175-BMW<br><br>**RULING AND ORDER REGARDING JANICE BARNES' MOTION TO EXTEND TIME TO FILE A NONDISCHARGEABILITY COMPLAINT** |

Before the Court is the *Motion to Extend Time to File a Complaint Objecting to the Discharge* (the "Motion") (Dkt. 20) filed by Creditor Janice Barnes requesting a 60-day extension of time to file a nondischargeability complaint against John Barnes and Magdaline Barnes (collectively, the "Debtors") on the basis that Janice Barnes did not receive sufficient notice of the Debtors' bankruptcy case and applicable deadlines to prepare and file a nondischargeability complaint by the July 5, 2022 deadline.

The Debtors object to the Motion on the basis that Janice Barnes was given timely formal notice of this case and of the deadline to file a nondischargeability complaint, was given additional informal notice of these bankruptcy proceedings, and yet failed to timely and diligently pursue a nondischargeability action against them. (Dkt. 30). Thus, the Debtors argue that Janice Barnes has failed to establish cause for this Court to extend the time for Janice Barnes to file a nondischargeability complaint. (Dkt. 30).

The Court held a hearing on the Motion on August 2, 2022, at which time Janice Barnes and counsel for the Debtors appeared and presented argument. At the conclusion of the hearing,

the Court ordered counsel for the Debtors to file relevant state court documents from the pre-petition case (the "State Court Case") from which Janice Barnes' claim in this bankruptcy case arises.

The relevant state court documents were filed on August 12, 2022. (Dkt. 37). The Court then took this matter under advisement.[1] Based upon the entire record before the Court, the Court now issues its ruling.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## II. Facts and Procedural Background

Janice Barnes is the mother of John Barnes. She is in her 80s and was recently found to be a vulnerable adult within the meaning of Arizona's Adult Protective Services Act.[2] (Dkt. 37-2 at 28, ¶ 2).

In July 2021, after four years of litigation against the Debtors, Janice Barnes, individually and as the personal representative of the probate estate of her late husband, obtained a *Judgment and Decree Quieting Title* (the "Judgment") (Dkt. 37-2 at 22-35) against the Debtors in Pinal County Superior Court (the "State Court"). The litigation arose from real estate and related financial transactions which transpired while the Debtors were de facto conservators to Janice Barnes and her husband. (Dkt. 37-2 at 23, 29). In the Judgment, the State Court concluded that the Debtors had violated their duty to Janice Barnes and her husband, and had converted property for the Debtors' personal use. (Dkt. 37-2 at 28, ¶ 4). The State Court awarded Janice Barnes possession of certain real property (the "Property"), quieted title to that Property, and awarded Janice Barnes damages for unpaid rent, damages for the Debtors' placement of a deed of trust on the Property, and attorney's fees. (Dkt. 37-2 at 29-35). The State Court further enhanced its damages award pursuant to the Arizona Adult Protective Services Act. (*See* Dkt. 37-2 at 34, ¶¶

---

[1] No party requested an evidentiary hearing.

[2] This finding was made in July 2021 by the judge presiding over the State Court Case. (Dkt. 37-2 at 28, ¶ 2). This Court may take judicial notice of proceedings in other courts that are directly related to matters at issue. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992). The State Court Case is such a proceeding.

4-5).

After entry of the Judgment, Janice Barnes initiated collection efforts. (*See* Dkt. 37).

On February 28, 2022, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing this case. The Debtors filed schedules and statements with their bankruptcy petition, and in those schedules, the Debtors listed Janice Barnes as an unsecured creditor. (Dkt. 1 at 22). The Debtors also filed their master mailing list, on which they listed Janice Barnes and her correct mailing address. (Dkt. 1 at 54; 8/2/2022 Tr. 3:2-10).

On March 1, 2022, the Bankruptcy Court Clerk's Office issued Official Form 309A, the *Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline* (the "Notice of Bankruptcy Case") (Dkt. 6). The Notice of Bankruptcy Case set July 5, 2022 as the deadline for the filing of nondischargeability complaints brought pursuant to § 523(a)(2), (a)(4), or (a)(6).[3]

On March 3, 2022, the Notice of Bankruptcy Case was sent by the Bankruptcy Noticing Center to Janice Barnes' mailing address. (Dkt. 10; 8/2/2022 Hearing Tr. 3:2-10).

Janice Barnes has indicated that she did not receive the Notice of Bankruptcy Case. (Dkt. 20; 8/2/2022 Hearing Tr. 3:22-24, 5:20-21). Rather, Janice Barnes has asserted that she first learned of this bankruptcy case in the middle of May 2022 from the attorney who represented her in the State Court Case, and learned of the deadline to file a nondischargeability complaint in the middle of June 2022. (Dkt. 20). In her statement to the Court on August 2, 2022, Janice Barnes stated that she may not have received the Notice of Bankruptcy Case due to mail delivery issues in her rural area and/or due to mail interference by a relative. (8/2/2022 Hearing Tr. 5:22-6:10).

After learning of this bankruptcy case and the relevant deadlines, Janice Barnes' granddaughter called Debtors' counsel, on behalf of her grandmother, to request an extension of time to file a nondischargeability complaint. (8/2/2022 Hearing Tr. 11:23-12:5). Debtors' counsel acknowledged receiving a phone message on Janice Barnes' behalf the week before the nondischargeability filing deadline, and further acknowledged that he did not return that phone call until the last business day before such deadline. (8/2/2022 Hearing Tr. 11:23-12:4). During

---

[3] Unless otherwise indicated, statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

that return phone call, Debtors' counsel denied Janice Barnes' request for an extension, leading Ms. Barnes to file the Motion. (8/2/2022 Hearing Tr. 13:4-13).

**III.     Legal Analysis**

Pursuant to Federal Rule of Bankruptcy Procedure 4007(b), a nondischargeability complaint other than a complaint brought pursuant to § 523(a)(2), (a)(4), or (a)(6) may be filed at any time.

Pursuant to Federal Rule of Bankruptcy Procedure 4007(c), a complaint to determine the dischargeability of a debt under § 523(a)(2), (a)(4), or (a)(6) "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." The Court is required to "give all creditors no less than 30 days' notice of the time so fixed . . . ."

Federal Rule of Bankruptcy Procedure 4007(c) further provides that "[o]n motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under [Federal Rule of Bankruptcy Procedure 4007(c)]" for the filing of a complaint to determine the dischargeability of debt under § 523(a)(2), (a)(4), and/or (a)(6). Such a motion must be filed before the time fixed under Federal Rule of Bankruptcy Procedure 4007(c) has expired. Fed. R. Bankr. P. 4007(c). The Ninth Circuit has said that "[a]t a minimum, 'cause' means excusable neglect." *Willms v. Sanderson*, 723 F.3d 1094, 1103 (9th Cir. 2013). This is a lenient, but not a toothless, standard. *Id.* at 1104.

In this case, there is no dispute that the Motion was timely filed and pursued by Janice Barnes on the basis that she did not receive adequate timely notice of this bankruptcy case and the relevant deadlines, and thus requires additional time to retain counsel and file a nondischargeability complaint.

With respect to notice of the deadline for filing a nondischargeability complaint, the issue is not whether the Notice of Bankruptcy Case was mailed to Janice Barnes at her correct mailing address. *In re Todd*, 441 B.R. 647, 650 (Bankr. D. Ariz. 2011). The issue is whether that Notice of Bankruptcy Case was actually received by Janice Barnes. *Id.*

Given Janice Barnes' active litigation of the State Court Case and subsequent collection efforts, it appears likely to this Court that Janice Barnes did not receive the Notice of Bankruptcy

Case, as she so asserts. Further, there is no genuine dispute that Janice Barnes has taken prompt steps to obtain information about the Debtors' bankruptcy case, attempt to retain counsel to represent her in a nondischargeability action, and pursue her rights. This is not an instance of a creditor sitting on her rights.

Given the relationship of the parties, nature of Janice Barnes' claim in this bankruptcy case, and entire record before the Court, it is the determination of this Court that Janice Barnes has established cause for this Court to extend her deadline to file a nondischargeability complaint.

By this ruling, the Court makes no determination as to the dischargeability of the debt at issue. This Court's ruling merely affords Janice Barnes a reasonable amount of time under the circumstances to file a nondischargeability action against the Debtors.

**IV.  Conclusion**

Based upon the circumstances and record before the Court, it is this Court's determination that Janice Barnes has established cause to extend her deadline to file a nondischargeability complaint against the Debtors for a period of 50 days from entry of this order.

Wherefore, based upon the foregoing, and for good cause shown;

**IT IS HEREBY ORDERED** granting the Motion as modified herein.

**IT IS FURTHER ORDERED** that Janice Barnes shall have until October 6, 2022, to file a nondischargeability complaint against the Debtors pursuant to § 523(a)(2), § 523(a)(4), and/or § 523(a)(6). There is no deadline for Janice Barnes to file a nondischargeability complaint pursuant to any other provision under § 523 of the Bankruptcy Code.

**DATED AND SIGNED ABOVE.**